**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1241
_____

RUSSELL SHOWERS,
Appellant

v.

DR. COURTNEY RODGERS, M.D., Medical Director/Supervising Physician at SCI-
Mahanoy; JOHN STEINHART, Correctional Health Care Administrator; KIM
MINARCHICK, CCS/Registered Nurse Supervisor (RNS); BRENDA HOUSER,
CCS/Registered Nurse; PATRICIA HOWELL, CCS/Registered Nurse Supervisor (RNS);
CORRECT CARE SOLUTIONS (CCS), Medical Care Vendor; JOHN O'BRIEN,
Physician Assistant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:20-cv-01868)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 19, 2024
_____

Before:  HARDIMAN, MATEY, and PHIPPS, *Circuit Judges*.

(Filed:  April 30, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PHIPPS, *Circuit Judge*.

A Pennsylvania state inmate submitted four grievances over a three-year period related to medical care he received for his neck and back pain. After receiving unfavorable responses to the first two grievances, he initiated this action under 42 U.S.C. § 1983 against several prison medical providers for claims of cruel and unusual punishment based on allegations of delayed and inadequate medical treatment in violation of the Eighth Amendment. At that time, the inmate's third grievance was pending in the prison's administrative process, and he later submitted a fourth grievance. After the inmate obtained unfavorable responses for those two later submitted grievances, he received leave to supplement his complaint, and in so doing, he included additional constitutional claims premised on those grievances.

A physician assistant who was sued only for actions referenced in the fourth grievance moved to dismiss the complaint for failure to state a claim for relief. Relying on exhibits attached to that motion, the physician assistant argued for dismissal of the claims related to the fourth grievance on the grounds that the inmate had failed to exhaust the prison's administrative remedies for that grievance before filing suit.

The District Court granted the motion to dismiss the claim related to the fourth grievance for failure to exhaust, and it *sua sponte* dismissed every other claim on exhaustion grounds as well. On *de novo* review, that was an error: any failure to exhaust the fourth grievance does not affect the earlier three, and in any event, the record before the District Court does not justify dismissal of the claims related to the fourth grievance. Accordingly, we will vacate the judgment and remand the case to the District Court for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

Russell Showers is serving an 18-to-36-year prison sentence at State Correctional Institution - Mahanoy. During his incarceration, he sought medical treatment for back and neck pain caused by foraminal stenosis, an anterior bulging disc, and nerve impingement. After the pain progressively worsened, Showers grew fearful that his treatment was being mismanaged and would lead to permanent nerve damage. Based on those concerns, in October and November 2018, he filed two grievances: Grievance No. 768090 ('Grievance 1'), and Grievance No. 771399 ('Grievance 2'). The responsible prison officer denied those grievances, and Showers unsuccessfully sought redress through both layers of administrative appeal.[1]

With no further administrative recourse for those grievances, Showers initiated this suit in the District Court on October 9, 2020, as an *in forma pauperis* and *pro se* litigant. *See* 28 U.S.C. §§ 1331, 1343. He sued the onsite medical provider (Correct Care Solutions), one of its doctors (Dr. Courtney Rodgers), and four SCI-Mahanoy employees (Administrator John Steinhart, Nurse Kim Minarchick, Nurse Brenda Houser, and Nurse Patricia Howell) for denying him adequate and timely medical care in violation of the Eighth Amendment for the reasons identified in Grievances 1 and 2.

In May 2020, before he filed this lawsuit, Showers submitted Grievance No. 867174 ('Grievance 3'), again related to untreated neck and back pain. The responsible prison

---

[1] The Pennsylvania Department of Corrections provides a three-tier administrative process for resolution of inmate complaints starting with (i) the submission of an inmate grievance to the Facility Grievance Coordinator, followed by (ii) the option of administratively appealing an unfavorable response to the Facility Manager, and culminating with (iii) the option of administratively appealing an unfavorable response by the Facility Manager to the Secretary of Corrections' Office of Inmate Grievances and Appeals. Pa. Dep't of Corr., DC-ADM 804, Policy Statement on Inmate Grievance System, §§ 1.A.9, 2.A.1.a, 2.B.1.b (Apr. 27, 2015). *See generally Jones v. Bock*, 549 U.S. 199, 218 (2007) (evaluating a failure-to-exhaust defense under the Prison Litigation Reform Act based on the grievance procedures established at the prison where the constitutional violation is alleged to have occurred); *Prater v. Dep't of Corr.*, 76 F.4th 184, 203 (3d Cir. 2023) (same).

official responded unfavorably, and Showers was pursuing an administrative appeal of that unfavorable response when he filed this suit.

In December 2020, a couple of months after he commenced this action, Showers submitted Grievance No. 908427 ('Grievance 4') to complain about neck and back pain resulting from a lapse in his prescription for painkillers. The responsible prison official denied that grievance, and Showers filed a first-tier administrative appeal of that decision on April 21, 2021.

During the same time period in which Showers submitted Grievances 3 and 4, the defendants moved to dismiss his original claims. In response to those motions, Showers amended his complaint in April 2021. And in May 2021, Showers supplemented his complaint to add claims and to sue a new party, Donald O'Brien,[2] a physician assistant at the prison, based on Grievance 4.

Each of the defendants moved to dismiss the claims against them. But only O'Brien raised a failure-to-exhaust defense from the Prison Litigation Reform Act (the 'PLRA') in his opening brief. *See* 42 U.S.C. § 1997e(c)(2); *Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that under the PLRA, failure-to-exhaust is not an affirmative pleading requirement but rather an affirmative defense). Included as exhibits to O'Brien's motion were Showers's four grievances and their dispositions along with many of the documents related to the administrative appeals. One of the documents was a printed email between a legal assistant to counsel for the defendants and an employee from the Commonwealth of Pennsylvania. In that email, the Commonwealth employee indicated that Showers had not filed any second-level administrative appeals between November 2020 and May 18, 2021.

---

[2] In his pleading, Showers incorrectly refers to the physician assistant as 'John O'Brien.' *Compare* A381 ¶ 3 (supplemental complaint allegation), *with* A392 (O'Brien motion to dismiss), *and* A397 (brief in support).

4

In their later-filed reply brief, Correct Care Solutions and Rodgers asserted a failure-to-exhaust defense. The remaining defendants Houser, Howell, Minarchick, and Steinhart did not present an exhaustion defense.

After reviewing those documents, the District Court determined that Showers had not exhausted Grievances 3 and 4 before he filed his initial complaint. *See Showers v. Rodgers*, 2022 WL 821431, at *4 (M.D. Pa. Mar. 17, 2022), *reconsideration denied*, 2023 WL 122388, at *4 (M.D. Pa. Jan. 6, 2023). Based on that conclusion, the District Court granted O'Brien's motion to dismiss for failure to exhaust and then proceeded to *sua sponte* dismiss the remainder of Showers's suit on the same grounds.

Showers moved for reconsideration arguing in part that exhaustion was not appropriate because the required administrative remedies were not available to him. The District Court denied that motion, explaining that Showers was required to exhaust *all* grievances before initiating this action and because he had not done so, the entire case was subject to dismissal. *Showers*, 2023 WL 122388, at *3 ("Plaintiff fails to recognize that his original complaint was filed on October 9, 2020[,] and any administrative remedy or appeal filed after that date does not remedy Plaintiff's failure to exhaust before bringing a civil rights action concerning prison conditions in federal court.") (emphasis omitted)). *But see Jones*, 549 U.S. at 223–24 (rejecting a total-exhaustion requirement).

After that ruling, Showers invoked this Court's appellate jurisdiction through a timely notice of appeal. *See* 28 U.S.C. § 1291; Fed. R. App. P. 4(a)(7)(A)(ii).[3]

---

[3] The District Court did not enter a separate judgment dismissing the case, *see* Fed. R. Civ. P. 58(a), and its orders did not indicate whether the dismissal was with or without prejudice. While such a dismissal is ordinarily presumed to be without prejudice and therefore not a final decision, that presumption gives way when no clear path exists for a plaintiff to cure the defect through amendment or supplementation – as commonly occurs when a dismissal is based on an affirmative defense instead of a pleading defect. *See Ghana v. Holland*, 226 F.3d 175, 180 (3d Cir. 2000) ("Ordinarily, such an order is not

5

**A. The District Court Erred by Dismissing Showers's Operative Complaint in Its Entirety.**

Because Showers supplemented his complaint in May 2021, that is the relevant time for evaluating the failure-to-exhaust defense. *See Garrett v. Wexford Health*, 938 F.3d 69, 83 (3d Cir. 2019) (explaining in the context of evaluating a PLRA failure-to-exhaust defense that "[s]upplementation under Rule 15(d) therefore can be employed to allege subsequent facts to cure a deficient pleading"); *cf. Ramirez v. Collier*, 595 U.S. 411, 423 (2022) (recognizing the possibility of curing an unexhausted claim through a later pleading). No one disputes that Showers satisfied the PLRA's exhaustion requirements for Grievances 1 and 2 as of that date in compliance with the prison's administrative grievance process. Likewise, the materials attached to O'Brien's motion to dismiss indicate that Showers exhausted Grievance 3 as of November 18, 2020 – the date his second-tier administrative appeal was denied. *See Rinaldi v. United States*, 904 F.3d 257, 261 n.1 (3d Cir. 2018) (explaining grievance documents may constitute "indisputably authentic documents" for purposes of motions to dismiss (quoting *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004)). *But see Jones*, 549 U.S. at 214 (cautioning against using failure to exhaust as a basis for *sua sponte* dismissal because it is "notably" not one of the four enumerated grounds in the PLRA for such a dismissal). That date too precedes Showers's

---

appealable, but a prisoner whose complaint has been dismissed without prejudice for failure to exhaust may nonetheless appeal as though from a final order 'when he declares his intention to stand on his complaint or when he cannot cure the defect in his complaint.'" (quoting *Booth v. Churner*, 206 F.3d 289, 293 n.3 (3d Cir. 2000))); *cf. Garrett v. Wexford Health*, 938 F.3d 69, 81 n.16 (3d Cir. 2019) ("We note that we have allowed complaints filed prematurely to be dismissed without prejudice and then refiled when the administrative remedies were exhausted."). Accordingly, here, the District Court's dismissal of the complaint on exhaustion grounds as well as its denial of Showers's motion for reconsideration counsels in favor of treating the dismissal as being with prejudice.

supplemental complaint, which was filed in May 2021, and which serves as the appropriate time for evaluating the PLRA's exhaustion defense.

Because no defendant has made a showing that the first three grievances were unexhausted as of that time, only a 'total exhaustion' rule coupled with proof that Showers failed to exhaust Grievance 4 could justify dismissing claims based on the first three grievances on exhaustion grounds. But the Supreme Court has rejected a reading of the PLRA's exhaustion requirements that would condition each claim on the proper exhaustion of all of the others. *See Jones*, 549 U.S. at 224 ("[T]here is no clear reason to depart from the more typical claim-by-claim approach."). Therefore, the District Court erred in dismissing the claims based on Grievances 1, 2, and 3 for failure to exhaust. *See id.* at 221 ("As a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.").

**B. The Record Does Not Support an Exhaustion Defense with Respect to Claims Based on Grievance 4.**

In moving to dismiss the Grievance 4 claims for failure to exhaust, O'Brien relies on an email from an employee of the Commonwealth which states that Showers did not file a second-tier administrative appeal between November 2020 and May 18, 2021. To validly consider that statement, however, would require converting the motion to dismiss into a motion for summary judgment, *see Hickey v. Univ. of Pittsburgh*, 81 F.4th 301, 308 n.5 (3d Cir. 2023), as well as treating the hearsay as truthful, *but see* Fed. R. Evid. 802 (prohibiting the admission of hearsay). Even still, the statement regarding the absence of a second-tier administrative appeal is not enough to establish a failure to exhaust. The documents attached to O'Brien's motion to dismiss show that the responsible prison official denied Grievance 4 on April 15, 2021, and that Showers filed a first-tier administrative appeal on April 21, 2021. But nothing in those materials indicates that

7

Showers's first-tier administrative appeal was timely resolved. Without a timely response to his *first-tier* administrative appeal, Showers had no obligation to pursue a *second-tier* administrative appeal. *See Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019) (explaining "that as soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement"); *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016) (adding administrative remedies are unavailable even when the prisoner accepts a late prison response "in good faith and pursue[s] his claim through the remainder of a belated administrative process"). Thus, the District Court erred in concluding on this record that Showers had failed to exhaust his Grievance 4 claims.

\* \* \*

For the foregoing reasons, we will vacate the order of the District Court and remand the case for further proceedings consistent with this opinion.